QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Andrew M. Holmes (Bar No. 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Adam Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Attorneys for Plaintiff AliveCor, Inc.*

MARK A. PERRY (SBN 212532)
mperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JASON C. LO (SBN 219030)
jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
jrho@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AliveCor, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Apple Inc., <br><br> Defendant. | CASE NO. 4:21-cv-03958-JSW <br><br> ORDER APPROVING STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS <br> AS MODIFIED |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

1

responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to any officer, director, or employee of another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by
less restrictive means.

2.9    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Per software version (of Source Code): corresponding to a publicly released version or sub-version of a particular software (e.g., WatchOS). By way of non-limiting example, for

2

WatchOS 5, the term "per software version" may refer individually to any of the following: WatchOS 5.0, WatchOS 5.0.1, WatchOS 5.1, WatchOS 5.1.1, WatchOS 5.1.2, WatchOS 5.1.3, WatchOS 5.2, WatchOS 5.2.1, WatchOS 5.3, WatchOS 5.3.1, WatchOS 5.3.2, WatchOS 5.3.3, WatchOS 5.3.4, WatchOS 5.3.5, WatchOS 5.3.6, WatchOS 5.3.7, WatchOS 5.3.8, and WatchOS 5.3.9. For the avoidance of any doubt, a "software version" refers only to a source code build that is compiled and released to the public, and shall not include any packages or builds that were not compiled and released to the public.

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from

3

a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

4

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

6

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if

7

there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party

8

to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) mock jurors who have signed an Undertaking, the content of which shall be agreed upon by the Parties;

(g) during his or her deposition, a witness in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is

9

reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) mock jurors who have signed an Undertaking, the content of which shall be agreed upon by the Parties; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" INFORMATION OR ITEMS TO EXPERTS.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that:

(1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert,

(2) sets forth the full name of the Expert and the city and state of his or her primary residence,

(3) attaches a copy of the Expert's current resume (including the Expert's business/professional title, current employer(s), and business address),

(4) any previous or current relationship with any Party, including direct relationships and relationships through entities owned or controlled by the Expert;

10

(5) a list of other cases in which the Expert has testified (at trial or deposition) within the last five (5) years;

(6) a list of all companies by which the Expert has consulted in a non-litigation-related capacity or by which the Expert has been employed within the last five (5) years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment; and

(7) an identification of all pending patent applications on which the Expert is named as an inventor, in which the Expert has any ownership interest, or as to which the Expert has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Expert's professional activities reasonably requested by the Designating Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Expert, including but not limited to an identification of any individual or entity with or for whom the Expert is employed or provides consulting services relating to the functionality, operation, and design of wearable electronic devices, ECG functionality, PPG functionality, and heart rate tracking, sensor, or analysis technology, including that intended to detect atrial fibrillation.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such

11

motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.      PATENT PROSECUTION BAR

Absent the written consent of the Producing Party, any person who, as authorized by Section 7.3(a)-(b), receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by a Producing Party shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of wearable electronic devices, ECG functionality, PPG functionality, and heart rate tracking, sensor, or analysis technology, including that intended to detect or predict atrial fibrillation (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of functionality, operation, and design of wearable electronic devices, ECG functionality, PPG functionality, and heart rate tracking, sensor, or analysis technology, including that intended to detect or predict atrial fibrillation.  These prohibitions are not intended to and shall not (i) preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent or on behalf of a Party responding to a

12

challenge to the validity of a patent, or (ii), preclude counsel from participating directly or indirectly in reexamination, inter partes review, covered business method review, or reissue proceedings on behalf of a patentee. These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals.

9.    SOURCE CODE

9.1.    Production of Source Code

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c) Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at the offices of the Producing Party's Outside Counsel or any other location mutually agreed by the Parties. Source code will be made available for inspection between the hours of 9 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. Unless otherwise requested or agreed to by the Parties in advance of any inspection of source code, all source code produced by the Producing Party shall be made available simultaneously at the same review location, and if possible on the same source code computer. For the avoidance of doubt this does not require all Parties' source code to be made available at a single, same location or on a single, same source code computer.

(d) The source code shall be made available for inspection on a secured computer in a

13

secured room without Internet access or network access to other computers, and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.

(e) The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's Outside Counsel and/or Experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that (1) the Receiving Party possesses an appropriate license to such software tools; (2) the Producing Party approves such software tools (with approval not being unreasonably withheld); and (3) such other software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein. Such commercially available software tools shall not be capable of compiling, assembling, or building the source code and must otherwise be consistent with the security purposes of this Stipulated Protective Order and, for example, shall not re-activate the secure computer's ports, reactivate any of its wireless devices or capabilities, re-activate electronic or physical copying, or otherwise defeat the security provisions. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(f) No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(g) The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy or include any portions or sections of the source code

14

into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(h) No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(i) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(j) The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the source code. The Receiving Party may print limited portions of the source code that the Receiving Party believes in good faith are necessary and relevant to the claims and/or defenses in this litigation.

(k) Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code shall be presumed to be excessive, absent the agreement of the Producing Party or an order from the Court. The burden shall be on the Receiving Party to demonstrate the need for such a printed copy of continuous block of Source Code in excess of the fifteen (15) page limit. The Receiving Party may print out no more than three hundred (300) pages total of Source Code, of which no more than fifty (50) pages of Source Code may be printed per software version. One page of printed Source Code shall mean one column of Source Code printed in size 12 font on one single-sided sheet of paper, measuring 8 and ½ inches by 11 inches. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any portions of source code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL SOURCE CODE SUBJECT TO PROTECTIVE ORDER" any pages printed by

15

the Receiving Party. Within five (5) business days, the Producing Party shall either (i) provide one (1) hard copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects because the printed portions are excessive and/or not done for a permitted purpose. The Producing Party and Receiving Party agree to meet and confer within three (3) business days of service of the Producing Party's objection to attempt to resolve such objection. If the Producing Party and Receiving Party cannot resolve such objection during this meet and confer, the Receiving Party may file a motion to compel the production of the requested source code. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the source code produced by the Producing Party in this action. The parties are not precluded from requesting changes to the number of pages of source code that may be printed by the limits set forth herein, provided that such requests are submitted in good faith, and that the Receiving Party demonstrates good cause for such a request. The Producing Party shall consider in good faith requests from the Receiving Party to expand the number of pages of source code that may be printed. If the Receiving Party makes such a request, the Producing Party rejects the request, and the parties continue to disagree as to the propriety of the Producing Party's rejection, the parties will meet and confer within five (5) business days of the Producing Party's rejection of the request. If the Producing Party and Receiving Party cannot resolve the disagreement during the meet and confer, the Receiving Party may file a motion to compel amendment of the number of pages of Source Code that may be printed under this Order.

(l) During the review of source code, if the Receiving Party believes in good faith that contemporaneous access to print-outs of particular pages of the source code is necessary to further the source code review, the Receiving Party may request and the Producing Party shall promptly provide one (1) hard copy print out of such pages. All printed copies of such source code shall be returned to the Producing Party after such contemporaneous access by the Receiving Party, and at a minimum at the end of each day of source code review. The Receiving Party shall limit its requests for contemporaneous access to printouts to those pages actually necessary to conduct the source code review.

16

(m) Further, the limits of Section 9.1 of this Stipulated Protective Order apply to this provision also for purposes of printing on any given day. For the avoidance of doubt, printing under this Section 9.1(l) shall not apply to the production limit of three hundred (300) pages total for printed source code, of which no more than fifty (50) pages of Source Code may be printed per software version under Section 9.1(k).

(n) All persons who will review a Producing Party's source code on behalf of a Receiving Party, including members of a Receiving Party's Outside Counsel and Experts, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such source code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing source code shall sign on each day they view source code a log that will include the names of persons who enter the locked room to view the source code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) business day's advance notice to the Receiving Party.

(o) Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Stipulated Protective Order, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(p) Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device. The

17

Receiving Party will not transmit any source code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

(q) The Receiving Party's Outside Counsel may make no more than three (3) additional paper copies of any portions of the source code received from a Producing Party pursuant to this Section 9.1, not including copies attached to court filings, used at depositions, or provided to the Commission Investigative Staff, and shall maintain a log of all paper copies of the source code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one (1) business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(r) The Receiving Party's Outside Counsel and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use. The Receiving Party shall limit access to any printed portions of the source code to only those permitted to receive such source code pursuant to Sections 7.3-7.4 of this Stipulated Protective Order.

(s) Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code). Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of source code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the source code and such source code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its source code or provide written permission to the Receiving Party that an electronic or

18

any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of source code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view source code under the provisions of this Stipulated Protective Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of source code, the Receiving Party shall maintain a log of all such electronic copies of any portion of source code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL SOURCE CODE SUBJECT TO PROTECTIVE ORDER" as provided for in this Order.

(t) Prior to the first inspection of source code, the Receiving Party shall provide seven (7) days' notice that the Receiving Party intends to inspect the source code. The Receiving Party shall provide no fewer than seventy-two (72) hours' notice prior to any subsequent inspections of source code. The foregoing first inspection notice period shall not apply in the event that the Producing Party makes additional source code available during an ongoing inspection by the Receiving Party that was not previously produced when the Receiving Party's inspection began – in which case, the Producing Party will use best efforts to make the additional source code available to the Receiving Party during the ongoing review or at the soonest time after the ongoing review that is mutually acceptable to the Parties. Permission for access outside of the aforementioned times will not be unreasonably withheld, in light of, and to accommodate for COVID-19 in-person review limitation.

9.2. <u>USE OF HIGHLY CONFIDENTIAL SOURCE CODE SUBJECT TO PROTECTIVE ORDER.</u>

(a) Where absolutely necessary in connection with a filing, contention interrogatory response, or expert report, or where required by the court, a Receiving Party may make only as many copies, and only of the specific pages, as needed for submission of original source code printouts to be included in confidential pleadings, contention interrogatory responses, expert reports, and/or other filings, where such pleadings, contention interrogatory responses, expert reports, and/or other filings

19

are designated HIGHLY CONFIDENTIAL SOURCE CODE SUBJECT TO PROTECTIVE ORDER. If a Producing Party's source code is quoted or set forth in a confidential pleading, contention interrogatory response, expert report, and/or other filing, the Receiving Party will limit the amount of such source code to what is reasonably necessary for the Receiving Party to make its point.

(b) For depositions, a Receiving Party may, on reasonable notice, request that Producing Party provide at the deposition an electronic copy of source code that it made available for inspection. The computer upon which the source code is made available at the deposition shall include appropriate software analysis tools as discussed in Section 9.1(e).

(c) A Party that wishes to use any printed copies of Producing Party's source code at a deposition, hearing, or trial may not make copies of the material for this purpose without Producing Party's prior written consent. Absent such consent, the Party must provide Producing Party with five (5) business days' advance notice of its need for printed copies and identify the required pages by production number. Producing Party will then either authorize the Party to prepare copies for use in the deposition, hearing, or trial or agree to supply copies itself on the day of the deposition, hearing, or trial. At the conclusion of the deposition, hearing, or trial, the copies will be returned to Producing Party or destroyed. Copies will not be attached to any deposition transcripts. Any copies prepared for use at a hearing or trial that are not admitted into evidence shall be destroyed or returned to Producing Party. The entire transcript of any deposition at which Producing Party's source code is disclosed will be treated as designated HIGHLY CONFIDENTIAL SOURCE CODE SUBJECT TO PROTECTIVE ORDER for thirty (30) days. During that period, Producing Party may designate any portion of the deposition transcript as HIGHLY CONFIDENTIAL SOURCE CODE SUBJECT TO PROTECTIVE ORDER by giving written notice to the reporter and all parties. The court reporter shall separately bind and label transcript pages that Producing Party designates as HIGHLY CONFIDENTIAL SOURCE CODE SUBJECT TO PROTECTIVE ORDER. Any portions that the Party does not designate during that 30-day period will then be treated as CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER.

20

(d) A Receiving Party's Outside Counsel will maintain the delivered copy sets of the source code in a locked location at the office(s) of Outside Counsel to which they were delivered and where they will not be accessible to persons other than those individuals permitted to view source code pursuant to Sections 7.3 and 7.4.  No copy set will be removed from the location to which it was delivered without prior approval from Producing Party. In addition to other reasonable steps to maintain the security and confidentiality of Producing Party's source code, printed copies of the source code maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed.

(e) The Receiving Party's Outside Counsel shall keep a log that records the identity of each person permitted to view source code pursuant to Sections 7.3 and 7.4 to whom each hard copy of the source code is provided and when it was provided to that person. Within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this litigation, upon request, the Receiving Party must serve upon Producing Party the log. In addition, any other individuals to whom the Receiving Party disclosed paper copies of the source code (including at Outside Counsel's offices) must certify in writing that all copies of the source code that was disclosed to them were retained by the Outside Counsel, who provided them the information, and that such persons will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

(f) Source code must be stored and maintained at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, source code may not be exported outside the United States or released to any foreign national (even if within the United States).

(g) Access to and review of source code shall be strictly for the purpose of investigating the claims and defenses at issue in this litigation.  No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this litigation in any other pending or future dispute, proceeding, or litigation.

21

(h) No prejudice. The Private Parties agree that seeking entry and entry of this Stipulated Protective Order are without prejudice to any party's rights to seek relief from these provisions relating to source code production, or to propose, request, or otherwise move for different provisions relating to source code production, in this or any other litigation.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

22

EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2). promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

23

13.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

13.1.     Pursuant to Fed. R. Evid. 502(d), the production of documents (including any production without manual review) of any privileged or otherwise protected document or ESI, whether inadvertent or otherwise, is not and shall not be deemed a waiver or impairment of any claim of privilege or protection arising under the attorney-client privilege, the protection afforded to work-product materials, or any other privilege or protection from discovery, in these cases or in any other federal or state proceeding, as long as the Producing Party follows the procedure in Section 13.2. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

13.2.     If any Producing Party learns that its privileged or protected material has been produced, it must promptly notify the Receiving Parties in writing. The Producing Party and the Receiving Parties shall then apply the procedures and terms set forth in Sections 13.3 and 13.4.

13.3.     Upon a request from any Producing Party who has produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, or destroy such Discovery Material and certify that destruction to the Producing Party.

13.4.     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and subject metadata of the inadvertently produced Discovery Material as is reasonably necessary to identify the Discovery Material to the Court in any motion to compel production of the Discovery Material.

13.5.     Nothing herein is intended to shift the burden imposed by law, in the event of a challenge by any Receiving Party, of establishing the privileged or protected nature of any privileged or protected information.

13.6.     Nothing herein is intended to or shall serve to limit any Producing Party's rights to conduct a review of documents or ESI (including metadata) for relevance, responsiveness, and/or privilege or protection from discovery before production.

14.     <u>MISCELLANEOUS</u>

14.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

24

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) 79-5(f) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material (including but not limited to any copies of any source code) to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

25

not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Any copies of Source Code shall be destroyed using a secure shredder that will prevent access to the materials by persons who are not permitted to view source code pursuant to Sections 7.3 and 7.4.  The shredded materials shall be disposed of in a manner that will preserve the confidentiality of the contents consistent with this Stipulated Protective Order. The destruction of Producing Party's source code shall be conducted only by those persons who are permitted to view source code pursuant to Sections 7.3 and 7.4.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers and exhibits, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

　　　　IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 18, 2022　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　SULLIVAN, LLP


　　　　　　　　　　　　　　　By: */s/ Adam B. Wolfson*
　　　　　　　　　　　　　　　　Sean Pak
　　　　　　　　　　　　　　　　Adam B. Wolfson
　　　　　　　　　　　　　　　　Andrew M. Holmes

　　　　　　　　　　　　　　　　*Attorneys for Plaintiff AliveCor, Inc.*

26

DATED:  March 18, 2022

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Jason C. Lo*
Mark A. Perry
Jason C. Lo
Jennifer J. Rho

*Attorneys for Defendant Apple Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  March 22, 2022

_____
The Honorable Jeffrey S. White
United States District Judge

27

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of AliveCor, Inc. v.

Apple Inc., Case No. 4:21-cv-03958-JSW. I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]

28