UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVECOR, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-03958-JSW<br><br>**ORDER SCHEDULING TRIAL AND PRETRIAL MATTERS AND VACATING CASE MANAGEMENT CONFERENCE** |

This matter is scheduled for a case management conference on May 20, 2022. The Court has received and considered the parties' joint case management statement, and IT HEREBY VACATES the case management conference.

IT IS HEREBY ORDERED that the case management statement is adopted, except as expressly modified by this Order. It is further ORDERED that:

**A.　DATES**

Close of Non-expert Discovery:　January 26, 2023

Deadline to Exchange Initial Expert Reports:　February 23, 2023

Deadline to Exchange Response Expert Reports:　April 20, 2023

Close of Expert Discovery:　May 4, 2023

Deadline to File Dispositive Motions:　June 15, 2023

Last Day to Hear Dispositive Motions:　Friday, October 6, 2023, at 9:00 a.m.

Pretrial Conference:　Monday, January 29, 2024, at 2:00 p.m.

Jury Selection:　Wednesday, February 21, 2024, at 8:00 a.m.

Trial Date: February 26, 2024, at 8:00 a.m., 5-10 days (estimated)

It is FURTHER ORDERED that the parties shall follow this Court's Guidelines for Civil and Jury Trials, which sets forth the deadlines for all pretrial filings, including exchange of and filings of motions in limine.

The parties are reminded that they shall each be allowed to file ONE motion for summary judgment. Should the parties file cross-motions for summary judgment, they shall meet and confer to determine the order of filing and only submit four briefs to the Court for its review:

1. Opening summary judgment motion;

2. Opposition and cross-motion;

3. Reply to motion and opposition to cross-motion;

4. Reply to cross-motion (filed at least two weeks prior to hearing).

**B.  DISCOVERY**

This matter has been referred to a randomly assigned Magistrate Judge for purposes of supervising discovery. (Dkt. No. 57.) All discovery disputes shall be presented to the assigned Magistrate Judge in accordance with their procedures, including requests to exceed the limitation on the number of depositions set forth in Fed. R. Civ. P. 30(a)(2).

Additionally, a case management statement is not the proper avenue to resolve AliveCor's request about the cross-use of documents and testimony produced in the ITC investigation regarding Apple's alleged infringement of AliveCor's patents. Disputes related to that issue shall also be presented to the assigned Magistrate Judge in accordance with their procedures.

The Court admonishes the parties to make every effort to resolve disputes about the scope of discovery without court involvement. The parties are reminded that a failure voluntarily to disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

### C. ALTERNATIVE DISPUTE RESOLUTION

The parties have not included a report on the status of ADR and have not filed their ADR Certifications in compliance with the ADR Local Rules. *See* ADR L.R. 3-5. By June 17, 2022, the parties shall file their ADR Certifications and shall submit a stipulation and proposed order selecting an ADR process and including a proposed deadline to complete the selected process.

### D. PROCEDURE FOR AMENDING THIS ORDER

No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil. L. R. 7-1 upon a showing of very good cause. A motion may take the form of a stipulation and proposed order pursuant to Civil L.R. 7-1(a)(5) and Civil L.R. 7-12, but the parties may not modify the pretrial schedule by stipulation without a Court order. If the modification sought is an extension of a deadline contained herein, the motion must be brought <u>before</u> expiration of that deadline. A conflict with a court date set after the date of this order does not constitute good cause. The parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk. The only discovery schedule that the Court will enforce is the one set in this order. Additionally, briefing schedules that are specifically set by the Court may not be altered by stipulation without a Court order; rather the parties must obtain leave of Court.

**IT IS SO ORDERED.**

Dated: May 17, 2022

_____
JEFFREY S. WHITE
United States District Judge