UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVECOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 21-cv-03958-JSW <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DENYING MOTIONS TO SEAL** <br><br> Re: Dkt. No. 84, 94, 98 |

Now before the Court for consideration is the motion for leave to file first amended complaint ("FAC") filed by Plaintiff AliveCor, Inc. ("AliveCor"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS AliveCor's motion.

**BACKGROUND**

AliveCor filed this antitrust lawsuit against Defendant Apple Inc. ("Apple") on May 25, 2021. (Dkt. No. 1.) AliveCor alleges that Apple monopolized the market for watchOS heart rate analysis apps through a series of anticompetitive acts, including by changing the watchOS to prevent competitors, like AliveCor, from offering their version of such apps to Apple Watch users.

On August 22, 2022, AliveCor filed the present motion seeking leave to supplement the complaint to assert additional claims, factual allegations, and damages against Apple. AliveCor's proposed supplemental complaint alleges Apple has abused the *inter parties* review ("IPR") system at the federal Patent and Trademark Office by filing five IPRs for the sole purpose of driving AliveCor out of business. (*See* Dkt. No. 84, Ex. 1 ("FAC").) Specifically, AliveCor alleges that Apple began filing serial IPRs challenging other pieces of AliveCor's technology

including patents relating to another one of its products, the KardiaMobile Card. (*Id*. ¶¶ 96-98.) AliveCor alleges that Apple instituted the IPRs solely to force AliveCor to expend resources defending against those petitions rather than pursuing its antitrust claims. (*Id*. ¶ 98.) AliveCor alleges the IPRs are motivated by anticompetitive intent and are causally linked to the earlier anticompetitive acts related to watchOS and the heart rate algorithms. (*Id*. ¶ 105.) AliveCor alleges it has suffered additional antitrust damages in the form of litigation expenses as a result of Apple's allegedly anticompetitive litigation scheme. (*Id*. ¶ 147.)

Apple filed an opposition to AliveCor's motion. (Dkt. No. 91.) On September 13, 2022, AliveCor filed its reply. (Dkt. No. 95.) AliveCor subsequently filed a notice of amended reply to clarify certain statements in its reply brief in response to Apple's request. (Dkt. No. 97.)

The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

**A.      Applicable Legal Standard.**

AliveCor seeks leave to file a supplemental pleading under Federal Rule of Civil Procedure 15(d). Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Eid v. Alaska Airlines, Inc.,* 621 F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."). "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Ariz. v. Neely,* 130 F.3d 400, 402 (9th Cir.1997) (citations omitted). Supplementation is generally favored as "a tool of judicial economy and convenience." *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988). "To determine if efficiency might be achieved, courts assess 'whether the entire controversy between the parties could be settled in one action.'" *Id.* (citation and ellipses omitted). "The clear weight of authority ... in both the cases and the commentary, permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." *Volpe*, 858 F.2d at 473. "While the matters stated in a

2

supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches." *Id.*; *see also Copeland v. Lane,* 11-cv-1058-EJD, 2013 WL 1899741, at *5 (N.D. Cal. May 6, 2013) ("Matters newly alleged in a supplemental complaint must have some relation to the claims set forth in the original pleading.").

"The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a)." *Paralyzed Veterans of America v. McPherson,* No. C 06-4670 SBA, 2008 WL 4183981, at *26 (N.D. Cal. Sept. 9, 2008). The five factors commonly used to evaluate the propriety of a motion for leave to amend (and thus, a motion to supplement) are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). "[T]he consideration of prejudice to the opposing party…carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). Absent prejudice or a "strong showing" of any other *Foman* factor, there is a presumption in favor of granting leave to supplement. *Id.*

**B.     The Court Grants Leave to Supplement.**

   **1.     Bad Faith**

Leave to amend may be denied if the amendment is introduced solely for delay or improper purpose. *Foman*, 371 U.S. at 182. Here, AliveCor's proposed supplement adds a new theory of antitrust damage. The conduct underlying the proposed supplement allegedly began in April 2022. Although Apple's motion gestures at gamesmanship, Apple does not expressly challenge AliveCor's motion based on bad faith. Accordingly, the Court finds this factor favors AliveCor.

   **2.     Futility**

A district court should give leave to amend "freely" but may deny leave to amend when amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Amendment is futile only if "no set of facts

3

can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "[C]ourts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion." *Miller*, 845 F.2d at 214. However, "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154-55 (N.D. Cal. 2010).

AliveCor argues that its proposed supplemental allegations are not futile under *Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084 (N.D. Cal. 2007) and *USS-POSCO Indus. v. Contra Costa Cty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800 (9th Cir. 1994), both of which AliveCor argues are exceptions to the *Noerr-Pennington* doctrine's general rule that antitrust damages or liability typically cannot be premised on "petitioning" conduct. Based on AliveCor's arguments, the Court finds the proposed supplement is not futile.

Although Apple maintains that AliveCor's legal theories fail as a matter of law, it does not oppose AliveCor's motion on grounds of futility and instead represents that it intends to challenge the merits of AliveCor's new legal theories in a motion to dismiss. According to AliveCor, Apple's silence on the futility factor means that Apple cannot prevail on a future 12(b)(6) motion to dismiss. AliveCor thus asks the Court to bar Apple from moving to dismiss the supplemental complaint because "any motion to dismiss would become a nullity." (Am. Reply at 14:1-2.) The Court declines to do so. AliveCor has satisfied the futility inquiry, but Apple should be afforded an opportunity to test the new theory on the merits should it so choose. Thus, the Court makes no decision at this stage regarding the merits of AliveCor's proposed legal theory.

Apple also asks the Court to stay discovery into AliveCor's new claims pending resolution of its anticipated motion to dismiss these claims. The Court denies Apple's request. Apple has not shown that a stay of discovery is warranted at this time.

### 3. Undue Delay

Delay alone is insufficient to provide grounds for denying leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052. However, "late amendments to assert new theories are not

4

reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (citations omitted).

AliveCor argues it did not unduly delay in seeking to supplement because the allegedly anticompetitive IPRs that form the basis of its proposed supplement were instituted between April and July of this year, the most recent of which was filed just one month prior to the motion to supplement. Apple argues that it has filed eight IPR petitions beginning in July 2021, and thus AliveCor has unduly delayed in seeking to supplement the complaint. However, AliveCor's proposed allegations challenge just five of Apple's IPR petitions. AliveCor alleges that these five petitions—the alleged "anticompetitive" petitions—are distinct from the earlier petitions because Apple filed them with the intent to drive AliveCor out of business. Based on the allegations in the proposed supplement, the Court cannot conclude that AliveCor unduly delayed in moving to seek to supplement to add allegations based on the allegedly "anticompetitive" IPR petitions.

This factor weighs in favor of AliveCor.

### 4.  Prior Amendments

Because AliveCor has not amended its complaint previously, this factor weighs in favor of AliveCor.

### 5.  Prejudice

Apple has the burden to show prejudice. Apple argues that granting leave to supplement would be prejudicial for two reasons: (1) it would alter the scope of the case; and (2) it would lead to additional burdensome discovery and a significant delay in discovery proceedings.

Prejudice "carries the greatest weight" in the amendment analysis. *Eminence Capital, LLC*, 316 F.3d at 1052. To overcome Rule 15's liberal policy with respect to amendment of pleadings, the showing of prejudice must be substantial. *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In general, neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice. *Id*. at 530-32. Parties opposing amendment have established prejudice by establishing that the new claims would alter the nature of the litigation,

5

*see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1974, 1079 (9th Cir. 1990), or by demonstrating that a motion to amend was made after discovery had closed or was about to close. *See, e.g., Zivkovic v. Southern Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir.2002) (affirming denial of plaintiff's motion for leave to amend where proposed amendment would have added additional causes of action which would have required further discovery and discovery was set to close five days after motion to amend was filed); *Lockheed Martin Corp. v. Network Solutions, Inc.,*194 F.3d 980, 986 (9th Cir.1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint").

Apple argues AliveCor's supplemental complaint would alter the nature of the litigation. Although "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15," *Dep't of Fair Emp't and Hous. v. Law Sch. Admissions Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013), Apple can show prejudice by establishing that the new claims would alter the nature of the litigation. *See Morongo Band of Mission Indians*, 893 F.2d at 1079.

According to Apple, the current case focuses on Apple's watchOS product design and its alleged effect on competition in the alleged markets for wearable technology and heartrate analysis watchOS apps. Thus, Apple contends permitting AliveCor to allege a new theory of antitrust injury based on Apple's patent litigation strategy, the costs of litigation, and the effect of that litigation on competition has nothing to do with AliveCor's alleged antitrust claims. Apple asserts the new allegations advance different legal theories and require proof of different facts, which will complicate and delay the case. AliveCor does not dispute that the supplemental allegations present a new theory of damage that will require proof of different facts, but it maintains that the new allegations are casually connected to and inextricably linked to its existing antitrust claims.

The Court agrees with Apple that the proposed supplemental allegations advance a new legal theory. However, while the supplemental allegations will broaden the scope of the case, the Court cannot conclude that permitting leave to supplement would alter the nature of the litigation

6

so greatly that prejudice would result. The Court finds that AliveCor's supplemental allegations are sufficiently connected to the existing antitrust claims.

Apple's cited cases are distinguishable. For example, in *Morongo Band of Mission Indians*, the original complaint sought to enforce an ordinance regulating bingo games on the reservation. *Id*. at 1076. Two years after the district court dismissed for lack of jurisdiction, the Band moved for leave to file an amended complaint alleging new claims based on RICO and criminal depredation and trespass statutes. *Id*. at 1079. The Ninth Circuit affirmed the district court's denial of leave to amend based on inordinate delay, prejudice to the defendants, the tenuous nature of the claims, and the fact that the amendment complaint would greatly change the nature of the litigation. *Id*. Here, in contrast, although AliveCor seeks to supplement to pursue a new theory of antitrust damages based on additional factual allegations, the nature of the litigation remains rooted in Apple's alleged anticompetitive acts.

Additionally, *Morongo Band of Mission Indians* and many of the other cases Apple cites are distinguishable because in those cases several of the *Foman* factors supported amendment in addition to the potential for prejudice. *See, e.g.*, *id*. (affirming district court's denial of leave to amend based on undue delay and prejudice where the plaintiffs sought to amend two years after filing the original complaint and alleged new trespass and RICO claims); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 955 (9th Cir. 2006) (affirming the district court's denial of leave to amend based on timeliness and prejudice where the party seeking leave to amend had waited fifteen months to move and the information underlying the amendment had been available at the time of the original filing); *Suzuki v. Helicopter Consultants of Maui, Inc.*, No. CV 13-00575 JMS/KJM, 2016 WL 3753079, at *10 (D. Haw. July 8, 2016) (undue delay and prejudice). Here, however, the other *Foman* factors favor granting leave to supplement.

Apple further argues it will be prejudiced by the additional discovery required by the supplemental claims. Apple contends the discovery would be burdensome, would undo the parties' progress in negotiating discovery disputes to date, and would require new custodians, search terms, and initial disclosures. AliveCor argues the proposed supplemental allegations will require incremental additional discovery and will not delay the case.

7

The Court is not entirely convinced by AliveCor's attempt to minimize the additional discovery burdens that will attach if the motion to supplement is granted. There is no doubt that if the Court grants AliveCor's motion, Apple will have to expend additional time and incur additional costs to conduct additional discovery. However, the Court is not persuaded that the prejudice Apple may face from this additional discovery warrants denial of the leave to supplement. As an initial matter, the prospect of additional discovery does not in itself constitute a sufficient showing of prejudice. *Tyco Thermal Controls LLC v. Redwood Industrials,* No. 06-cv-7164-JF, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009). Additionally, unlike in many of Apple's cited cases, discovery is ongoing, and AliveCor's request does not come on the eve of discovery's close; the fact discovery deadline is still several months away.[1] Although Apple speculates that discovery into AliveCor's new theory will involve complicated privilege issues and additional custodians, AliveCor has represented that the discovery it needs will be within the purview of the existing discovery custodians and can be completed within the current case schedule. Thus, the Court concludes that the prejudice Apple faces at the prospect of conducting additional discovery is not of such magnitude that it warrants denial of AliveCor's motion. *See PNY Techs., Inc. v. SanDisk Corp.*, No. 11-cv-04689-WHO, 2014 WL 294855, at *4 (N.D. Cal. Jan. 27, 2014).

The Court finds the relevant factors, on balance, counsel in favor of granting AliveCor's motion for leave to supplement. Additionally, the Court finds that denying AliveCor's motion would not promote judicial efficiency, which is the primary goal of Rule 15(d).

**C.     The Court Denies AliveCor's Motions to Seal.**

AliveCor requests leave to file portions of its reply and supporting declarations under seal. There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). Accordingly, a party seeking to file a motion to seal in connection with a non-dispositive motion must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.,* 686 F.3d 1115,

---

[1] The Court recently granted the parties' request to extend certain discovery deadlines. (*See* Dkt. No. 103.)

1119 (9th Cir.2012); *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir.2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir.2002), and must make a "particularized showing of good cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose),* 187 F.3d 1096, 1103 (9th Cir.1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992).

AliveCor seeks to seal portions of its reply and supporting materials on the basis that they relate to the same facts that Apple previously requested to be sealed in connection with the parties' Supplemental Protective Order. However, the information sought to be sealed makes only general references to the sealed Supplemental Protective Order. Apart from the conclusory statement that the material references previously sealed materials, AliveCor has not identified any private or public interest that warrants sealing and has not articulated any harm that will result if the specific content is not sealed. Additionally, although AliveCor represents that it seeks to seal the information as a professional courtesy to Apple, Apple has not filed a declaration in support of sealing. For these reasons, the Court finds AliveCor has not met the good cause standard necessary to overcome the presumption of public access. The Court DIRECTS AliveCor to file public versions of all documents for which the proposed sealing has been denied within seven days from the date of this Order.

//
//
//
//
//
//
//

# CONCLUSION

For the foregoing reasons, the Court GRANTS AliveCor's motion for leave to file an amended complaint and DENIES AliveCor's motions to seal. AliveCor shall file the FAC attached as Exhibit 1 to its motion within seven days from the date of this Order.

**IT IS SO ORDERED.**

Dated: October 18, 2022

_____
JEFFREY S. WHITE
United States District Judge