CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JASON C. LO (SBN 219030)
  jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
  jrho@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AliveCor, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Apple Inc., <br><br> Defendant. | CASE NO. 4:21-CV-03958-JSW <br><br> **DEFENDANT'S MOTION FOR RECONSIDERATION** <br><br> L.R. 7-9 <br><br> The Honorable Jeffrey S. White |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that on October 24, 2022, or as soon thereafter as the matter may be heard, in the U.S. District Court for the Northern District of California, Courtroom 5, 2nd Floor, Federal Courthouse, Defendant Apple Inc., through its undersigned counsel, will, and hereby does, move pursuant to the Court's inherent authority, Federal Civil Rules of Procedure 59 and 60, and Local Rule 7-9 for an Order reconsidering the Court's October 18, 2022 Order insofar as it directs Plaintiff AliveCor, Inc. to file publicly unredacted copies of AliveCor's Reply in Support of its Motion for Leave to File a First Amended Complaint and its supporting Declaration of Adam Wolfson and their amended versions. *See* Dkt. 94, 95, 97, 98.[1]

Because the Court's October 18, 2022 Order currently directs AliveCor to "to file public versions of all documents for which the proposed sealing has been denied" by October 25, 2022, Dkt. 105 at 9, Apple respectfully requests that the Court grant its motion by October 25, 2022. In the alternative, Apple hereby moves the Court for a stay of its October 18, 2022 Order insofar as it directs Plaintiff AliveCor, Inc. to file publicly unredacted copies of AliveCor's Reply in Support of its Motion for Leave to File a First Amended Complaint (Dkt. 95, 97) or the supporting Declaration of Adam Wolfson (Dkt. 95-1, 97) (whether as originally filed or amended) pending resolution of Apple's motion for reconsideration.

---

[1] AliveCor filed an Amended Reply and Amended Declaration of Adam Wolfson as Dkt. 97 and 98, which amended the versions of the Reply and Declaration filed as Dkt. 94-95. To the extent not explicitly stated, this motion encompasses both the original and amended versions of AliveCor's filings.

## STATEMENT OF ISSUES

1. Whether the Court should reconsider its Order denying AliveCor's administrative motion to seal on the grounds that "Apple has not filed a declaration in support of sealing," as Apple filed a declaration on September 20, 2022 in support of sealing that stated with specificity the good cause to support the sealing of the implicated exhibits (Dkt. 99).

2. Whether the Court should stay its Order on AliveCor's administrative motion to seal to preserve the status quo pending resolution of this motion for reconsideration.

I.      INTRODUCTION

At Apple's request, AliveCor sought to seal sensitive information in two filings related to its motion for leave to file a First Amended Complaint. Dkt. 94; Dkt. 98. Apple subsequently filed a declaration on September 20, 2022, in which Apple explained that this information, if disclosed, will directly prejudice Apple. *See* Dkt. 99 ¶¶ 2-4 (citing Dkt. 89-1 ¶ 5). For the same reason when addressing the information in question, Magistrate Judge Kim had already found good cause and sealed this information in connection with the parties' amended protective order. Dkt. 92.

The Court denied AliveCor's request to seal in this instance on the ground that "Apple has not filed a declaration in support of sealing." Dkt. 105 at 9. It appears that the Court may have overlooked that Apple's September 20, 2022 declaration containing an "articulat[ion] [of] any harm" that the Court believed to be missing. *Compare* Dkt. 105 at 9 *with* Dkt. 99 ¶¶ 2-4.

As a result, this is the paradigmatic example in which reconsideration is appropriate. *See*, *e.g.*, *Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1087 (C.D. Cal. 2003) (reconsidering portion of order in which the court "misunderstood certain material facts" because it "overlooked" relevant evidence). Apple accordingly respectfully requests that the Court reconsider its October 18, 2022, Order in part and grant AliveCor's September 20, 2022 Administrative Motion to File Under Seal (Dkt. 98). In addition, because the Court's October 18, 2022 Order currently directs AliveCor to "to file public versions of all documents for which the proposed sealing has been denied" by October 25, 2022, Dkt. 105 at 9, Apple respectfully requests that the Court grant its motion by October 25, 2022; in the alternative, the Court should stay its October 18, 2022, denial of AliveCor's administrative motion to seal pending resolution of this motion.

II.     BACKGROUND

On August 22, 2022, AliveCor sought leave to file a First Amended Complaint. Dkt. 84. AliveCor moved to seal certain information filed in support of its reply (which was subsequently amended six days later). *See* Dkt. 98 (amended reply); Dkt. 94 (original reply). As AliveCor's motion to seal explained, this information concerned "the same facts that Apple previously requested be sealed," *id.* at 1—and Magistrate Judge Kim in fact sealed, Dkt. 92—in connection with the parties' entry of an amended protective order. *See* Dkt. 99 ¶ 3. Apple also submitted a separate declaration in

support of the motions to seal the original reply and the amended reply, as required by the Local Rules, substantiating its request to seal information filed with AliveCor's reply filings. *Id.* ¶¶ 3–4; *see also* Dkt. 89-1 (declaration of Apple's counsel explaining in additional detail the grounds for sealing the same information).

The Court granted AliveCor's motion for leave to file a First Amended Complaint on October 18, 2022 but denied AliveCor's motion to seal portions of its reply and supporting declaration. Dkt. 105 at 8–10. First, the Court recognized that "a party seeking to file a motion to seal in connection with a non-dispositive motion must show 'good cause' under Federal Rule of Civil Procedure 26(c)." *Id.* at 8 (quoting *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.,* 686 F.3d 1115, 1119 (9th Cir. 2012)). The Court concluded that there had been no showing of good cause here because AliveCor's motion made "only general references to the sealed Supplemental Protective Order" and "Apple has not filed a declaration in support of sealing." *Id.* at 8–9. The Court did not reference or cite Apple's September 20, 2022, Declaration in Support of Plaintiff AliveCor's Unopposed Motion to Seal (Dkt. 99). *See id.*

The Court then directed AliveCor "to file public versions of all documents for which the proposed sealing has been denied within seven days from the date of this Order." Dkt. 105 at 9.

### III.  ARGUMENT

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 59 & 60. This Court's Local Rules permit the Court to reconsider an interlocutory order based on a "failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. Civ. 7-9(b)(3). That standard is met here.

Apple timely filed a declaration supporting AliveCor's September 20, 2022 Administrative Motion to File Under Seal. Dkt. 99. It appears that the Court may have overlooked this declaration because it was linked on the CM-ECF system to AliveCor's amended reply, not its originally filed reply. Regardless, the Court's statement that "Apple has not filed a declaration in support of sealing," Dkt. 105 at 9, reflects "[a] manifest failure by the Court to consider" Apple's previously filed

1  declaration. L.R. Civ. 7-9(b)(3); *see also*, *e.g.*, *Nat'l Rural Telecommunications Co-op.*, 319 F. Supp.
2  2d at 1087.

3        This declaration was "material." L.R. Civ. 7-9(b)(3). The Court denied AliveCor's motion to
4  seal because it did not find any "articulated . . . harm that will result if the specific content is not sealed."
5  Dkt. 105 at 9. It appears the Court may have inadvertently overlooked Apple's declaration
6  substantiating the point. As that declaration explains, the parties "narrowly tailored [the] request to
7  only redact specific non-public information that, if disclosed, could put Apple and its users at risk."
8  Dkt. 99 ¶ 3. The specific reasons for that risk are detailed in Apple's declarations, the most salient
9  portions of which are under seal. Dkt. 89-1 ¶ 5; *see also* Dkt. 99 ¶ 4.

10        Indeed, the materiality of this evidence is demonstrated by Magistrate Judge Kim's order
11  sealing the amended protective order. *See* Dkt. 92. There, she considered a request to seal substantively
12  similar information under the same "good cause" standard. *See* Dkts. 89 & 92. She found that standard
13  satisfied based on a record that did not yet include Apple's September 20, 2022 declaration. *See* Dkt.
14  92. AliveCor, for its part, similarly assented in its administrative motion that "good cause exists to
15  seal," Dkt. 98 at 1, and has since informed Apple that it takes no position on Apple's renewed request
16  to seal the information now, Decl. of Jason Lo ¶ 3.

17        This motion should be resolved on an expedited basis. The Court's October 18, 2022 Order
18  currently directs AliveCor to "to file public versions of all documents for which the proposed sealing
19  has been denied" by October 25, 2022. Dkt. 105 at 9. One cannot "unring the bell by clawing back"
20  the public filing of sensitive information that is currently under seal, at which point a request to seal
21  often loses "any practical benefit." *Sparman v. Edwards*, 325 F. Supp. 3d 317, 319 (E.D.N.Y. 2018).
22  Expeditious resolution is therefore critical to preserving the relief Apple seeks and to avoiding
23  substantial prejudice to Apple. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012
24  WL 3536800, at *1 (N.D. Cal. Aug. 15, 2012) (observing that "the parties will be deprived of any
25  remedy if this Court does not stay its order" requiring the disclosure of sealed information). In the
26  alternative, the Court may instead preserve the status quo by staying its order directing AliveCor to file
27  publicly the provisionally sealed information pending the resolution of Apple's motion for
28  reconsideration. *See id.* (entering stay to preserve the status quo so that a party can seek relief from an

order requiring the public disclosure of sealed information).

## IV.  CONCLUSION

The Court should reconsider its October 18, 2022, Order in part and grant AliveCor's September 20, 2022 Administrative Motion to File Under Seal (Dkt. 98).

DATED:  October 24, 2022                                GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Jason C. Lo*
Jason C. Lo

*Attorney for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

I, David Lam, certify that on October 24, 2022, the foregoing **DEFENDANT'S MOTION FOR RECONSIDERATION** was filed with the Clerk of the Court via CM/ECF.  Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems.

DATED: October 24, 2022                                By:   /s/ *David Lam*
                                                                                   David Lam

105812095.4