CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JASON C. LO (SBN 219030)
  jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
  jrho@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AliveCor, Inc.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Apple Inc.,<br><br>　　　　　　Defendant. | CASE NO. 4:21-CV-03958-JSW<br><br>**DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED**<br><br><br>The Honorable Jeffrey S. White |

1
DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED
CASE NO. 4:21-CV-03958-JSW

Gibson, Dunn & Crutcher LLP

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in response to Plaintiff AliveCor, Inc.'s Motion to Consider Whether Apple Inc.'s Material Should Be Sealed (Dkt. 153). Specifically, Apple joins in part AliveCor's motion to seal Apple's highly confidential information in AliveCor's Motion for an Adverse Jury Instruction and the other sealed filings related thereto. After reviewing the underlying materials, Apple proposes sealing only certain information identified in AliveCor's motion to seal, as set forth below.

2. Apple operates in an intensely competitive environment. Apple has serious and legitimate concerns that competitors will exploit any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

3. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient for any reason, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED
CASE NO. 4:21-CV-03958-JSW

4. Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana v. City*, 447 F.3d at 1179 ("justif[ication for] sealing court records exists when such 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))).

5. As the Supreme Court has recognized, sealing is appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

6. Here, Apple seeks to seal non-public and competitively sensitive financial and business strategy information and information about its data management practices, including its practices regarding document management and storage, which if revealed would cause Apple economic harm and put it at a competitive disadvantage or reveal to bad actors insight into how Apple maintains confidential information. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing). The specific information that Apple seeks to seal reflect business and financial strategies related to the Apple Watch and its features, and such information is

Gibson, Dunn & Crutcher LLP

DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED
CASE NO. 4:21-CV-03958-JSW

1   maintained in confidence by Apple and has not otherwise been made public by this Court. Apple
2   narrowly tailors its request to seal only specific information that it has identified to be "Highly
3   Confidential" pursuant to the Amended Stipulated Protective Order for which it has good cause to
4   seal.

5         7.    The information Apple seeks to protect is foundational to its business and its ability to
6   compete and protect trade secrets. Public disclosure of this information would risk competitors
7   gaining an unfair business advantage by benefiting from learning about Apple's business strategies
8   and gaining insight into the development of proprietary technology that Apple intended to keep
9   confidential. Apple takes many steps, and undertakes substantial efforts, to safeguard this
10  information—including its trade secrets—and keeping such information confidential is important to
11  Apple's ability to compete. Apple has narrowly tailored its sealing request so as to maximize the
12  public's access to court proceedings without jeopardizing Apple's business interests.

13        8.    After reviewing AliveCor's Motion for an Adverse Jury Instruction and the other
14  sealed filings related thereto, Apple has specified in the chart below the information that need **not** be
15  sealed. Apple's non-assertion of confidentiality as to the information listed in the chart below is not
16  meant to concede the accuracy of any portion of those documents. Indeed, Apple believes that many
17  of these statements are misleading and Apple will correct the record in its opposition to AliveCor's
18  motion.

| Document | Description or Pages & Lines |
|---|---|
| Plaintiff AliveCor, Inc.'s Motion for An Adverse Jury Instruction Due to Apple's Spoliation of Myoung Cha's ESI (Dkt. 153-1) | 3:1-10 (ending with the word "ones"); 3:12-13 (ending with the word "and"); 7:24-25; 7:27-8:5; 9:7; 9:13-16; 10:9-11 |
| Declaration of Adam Wolfson In Support of Plaintiff AliveCor, Inc.'s Motion for An Adverse Jury Instruction Due to Apple's Spoliation of Myoung Cha's ESI (Dkt. 153-2) | 1:21-26 (ending with "and"); 5:6-7 |

      9.    Apple only seeks to seal confidential information in AliveCor's Motion for an Adverse Jury Instruction and the other sealed filings related thereto. Below is a chart detailing the specific items of Apple's information that are sealable for the reasons explained herein.

Gibson, Dunn & Crutcher LLP

DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED
CASE NO. 4:21-CV-03958-JSW

| Document | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| Plaintiff AliveCor, Inc.'s Motion for An Adverse Jury Instruction Due to Apple's Spoliation of Myoung Cha's ESI (Dkt. 153-1) | 1:8-12; 3:10-11 (starting with "Ex. P"); 3:13-4:4 (starting with "how"); 4:8-10; 5:13; 8:20-28; 9:2-5; 11:14 | Limited portions of this document should be sealed because they reflect information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies or relating to Apple's data management practices that would put Apple at a competitive disadvantage or reveal to bad actors insight into how Apple maintains confidential information. |
| Declaration of Adam Wolfson In Support of Plaintiff AliveCor, Inc.'s Motion for An Adverse Jury Instruction Due to Apple's Spoliation of Myoung Cha's ESI (Dkt. 153-2) | 1:26 (starting with "how"); 3:15; 4:3-4 | Limited portions of this document should be sealed because they reflect information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies or relating to Apple's data management practices that would put Apple at a competitive disadvantage or reveal to bad actors insight into how Apple maintains confidential information. |
| Exhibit H (Dkt. 153-3) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit N (Dkt. 153-4) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's data management practices that would put Apple at a competitive disadvantage or reveal to bad actors insight into how Apple maintains confidential information. |
| Exhibit P (Dkt. 153-5) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED
CASE NO. 4:21-CV-03958-JSW

| Document | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| | | Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit Q (Dkt. 153-6) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit R (Dkt. 153-7) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit S (Dkt. 153-8) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit T (Dkt. 153-9) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit U (Dkt. 153-10) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED
CASE NO. 4:21-CV-03958-JSW

| Document | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| | | disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit V (Dkt. 153-11) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit W (Dkt. 153-12) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit X (Dkt. 153-13) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit Y (Dkt. 153-14) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit Z (Dkt. 153-15) | Full document | This document should be sealed because it contains information designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and if disclosed, would reveal information relating to Apple's business strategies |

Gibson, Dunn & Crutcher LLP

DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED
CASE NO. 4:21-CV-03958-JSW

| Document | Description or Pages & Lines | Reason for Redaction |
|---|---|---|
| | | and the development of Apple's products and technologies that would put Apple at a competitive disadvantage. |
| Exhibit AB (Dkt. 153-16) | Full document | This document should be sealed because it contains references to documents designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Amended Stipulated Protective Order, and reflects privileged information, which if disclosed would: (a) reveal information relating to Apple's business strategies and the development of Apple's products and technologies that would put Apple at a competitive disadvantage; or (b) expose attorney-client communications. |

10.  Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff AliveCor, Inc.'s Motion for An Adverse Jury Instruction Due to Apple's Spoliation of Myoung Cha's ESI (Dkt. 153-1).  Apple has highlighted (green) the document to reflect the limited portions requested for the Court to seal.

11.  Attached hereto as **Exhibit B** is a true and correct copy of the Declaration of Adam Wolfson In Support of Plaintiff AliveCor, Inc.'s Motion for An Adverse Jury Instruction Due to Apple's Spoliation of Myoung Cha's ESI (Dkt. 153-2).  Apple has highlighted (green) the document to reflect the limited portions requested for the Court to seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed at Los Angeles, California.

DATED:  March 23, 2023                    By:   /s/ *Jason C. Lo*
                                                Jason C. Lo

                                                *Attorney for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

DECLARATION OF JASON C. LO IN RESPONSE TO PLAINTIFF ALIVECOR, INC.'S MOTION TO CONSIDER WHETHER APPLE INC.'S MATERIAL SHOULD BE SEALED
CASE NO. 4:21-CV-03958-JSW