CYNTHIA E. RICHMAN (D.C. Bar No. 492089; pro hac vice)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JASON C. LO (SBN 219030)
  jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
  jrho@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY (SBN 268644)
  CHigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  JKleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AliveCor, Inc.,<br><br>            Plaintiff,<br><br>     v.<br><br>Apple Inc.,<br><br>            Defendant. | CASE NO. 4:21-CV-03958-JSW-SK<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY TO ALIVECOR, INC.'S MOTION FOR AN ADVERSE JURY INSTRUCTION**<br><br>The Honorable Jeffrey S. White |

Apple respectfully moves this Court, pursuant to Civil Local Rule 7-11, for leave to file a Sur-Reply to correct statements made in AliveCor's Reply Brief in Support of its Motion for an Adverse Jury Instruction (Dkt. No. 161-1). The proposed Sur-Reply is attached hereto as Exhibit 1.

Apple seeks leave to file its Sur-Reply to address new arguments and characterizations made for the first time in AliveCor's Reply. *See, e.g.*, *Acer, Inc. v. Tech. Properties Ltd.*, 2012 WL 6053968, at *1 (N.D. Cal. Dec. 4, 2012) (permitting Sur-Reply where Reply motion introduced new arguments and new evidence). Specifically, although AliveCor's opening papers said nothing about Mr. Cha's 240,000 custodial files from which Apple produced documents, AliveCor on Reply made several new and untrue statements regarding the nature of those files. AliveCor's Reply characterizes these documents as junk or potentially personal files unrelated to Mr. Cha's work at Apple. Dkt. 161-1 at 1, 6.

This characterization is not supported by any evidence and, indeed, is contrary to the facts.[1] Apple's proposed Sur-Reply provides the Court with those facts, which cannot be harmonized with AliveCor's characterizations. Moreover, AliveCor's misleading characterizations about the nature of the documents are not part of the sealed briefing, and thus may unfoundedly harm Apple's reputation even if disregarded by this Court. Dkt. 161-1 at 1, 6. Thus, the harm to Apple here is not just that the new arguments were made in Reply, but that they are categorically false and do an injustice to Apple and its reputation.

For these reasons, Apple respectfully requests that this Court grant leave to file the accompanying Sur-Reply responding to the arguments made for the first time in Plaintiff's Reply.

DATED:  April 21, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jason C. Lo*
Jason C. Lo

*Attorney for Defendant Apple Inc.*

---

[1] Because the statements at issue in AliveCor's Reply are lawyer arguments, and not "evidence," Apple does not believe that the proposed Sur-Reply is governed by Local Rule 7-3(d)(1). Nor would Local Rule 7-3(d)(1) provide an appropriate remedy, given that it would limit Apple only to "stating its objections to the new evidence."