# EXHIBIT 1
# Filed Under Seal

FILED UNDER SEAL

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; pro hac vice)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JASON C. LO (SBN 219030)
  jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
  jrho@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY (SBN 268644)
  CHigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  JKleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AliveCor, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Apple Inc.,<br><br>　　　　　　　Defendant. | CASE NO. 4:21-CV-03958-JSW-SK<br><br>**DEFENDANT APPLE INC.'S SUR-REPLY TO ALIVECOR, INC.'S MOTION FOR AN ADVERSE JURY INSTRUCTION**<br><br>The Honorable Jeffrey S. White |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S SUR-REPLY TO ALIVECOR, INC.'S MOTION FOR AN ADVERSE JURY INSTRUCTION
CASE NO. 4:21-CV-03958-JSW-SK

FILED UNDER SEAL

Apple brings this Sur-Reply to AliveCor, Inc.'s Motion for an Adverse Jury Instruction (the "Motion") to address a series of false statements that AliveCor makes for the first time on Reply. AliveCor's opening papers did not mention the fact that Apple collected over 240,000 documents from Mr. Cha's custodial files, misleadingly suggesting to the Court that all of Mr. Cha's materials were lost. Dkt. 154 at 1 ("Apple did not preserve Mr. Cha's files and instead (in Apple's own words) purged them in June 2021."). But that is not true. In fact, AliveCor previously had asked Apple's Rule 30(b)(6) witness where the "240,000 files c[a]me from." Dkt. 153-4 at 52:6. Apple's Opposition discussed this set of documents, detailing that collected files were subject to AliveCor's own search terms, and only 45 were found to be non-duplicative and responsive in this case. Dkt. 157 at 3.

After failing to mention the existence of these custodial documents in the opening papers, AliveCor's Reply then purported to describe the nature of those 240,000 custodial documents. Without any apparent basis, AliveCor told the Court that the 240,000 files are "random system files," are "*not* work emails or documents," are "files that are simply there to run the operating system or various applications," and are not "*work*-related documents or files." Dkt. 161-1 at 1, 6 (emphasis in original).

These statements are not evidence, and they are not supported by any facts or evidence – they're just wrong. The 240,000 custodial documents were retrieved ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████ The following are the *facts* about the contents of the collected Cha custodial documents:

- At least 70% are file types such as text messages, iChats, PDFs, PowerPoints, emails, Keynotes, Word documents, Excel files, and iCals.
- Over 49,000 are calendar entries, which would show Mr. Cha's various appointments, meetings, and calls.
- Over 6,000 are PowerPoint and Keynote presentation files.
- Nearly 10,000 are PDF files.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S SUR-REPLY TO ALIVECOR, INC.'S MOTION FOR AN ADVERSE JURY INSTRUCTION
CASE NO. 4:21-CV-03958-JSW-SK

FILED UNDER SEAL

- Over 59,000 are Messages.
- Nearly 1,300 are Microsoft Word documents.

These numbers describe the distribution of files after the 240,000 documents were de-duplicated, and thus they are very likely conservative counts of the total documents.

Finally, it is notable that AliveCor never asked Apple's Rule 30(b)(6) witness about the composition of the 240,000 documents that Apple collected and from which it ultimately produced. Nevertheless, she explained that ████████████████████████████████████████████████████████████████. Dkt. 153-4 at 46:17-47:1, 52:1-23.

Apple respectfully requests that this Court take into consideration the above corrections and clarifications to the record.

DATED: April 21, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jason C. Lo*
Jason C. Lo

*Attorney for Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S SUR-REPLY TO ALIVECOR, INC.'S MOTION FOR AN ADVERSE JURY INSTRUCTION
CASE NO. 4:21-CV-03958-JSW-SK