QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean Pak (Bar No. 219032)
seanpak@quinnemanuel.com
Adam Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
Andrew M. Holmes (Bar No. 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for AliveCor, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AliveCor, Inc.,<br><br>              Plaintiff,<br><br>      vs.<br><br>Apple Inc.,<br><br>              Defendant. | CASE NO. 4:21-cv-03958-JSW<br><br>**PLAINTIFF ALIVECOR, INC.'S OPPOSITION TO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Date: April 28, 2023<br>Time: 9:00 am<br>Place: Courtroom 5, 2nd Floor<br><br>The Honorable Jeffrey S. White |

Apple's motion for a sur-reply should be denied as improper, but, in any event, it bolsters AliveCor's motion for an adverse inference.

As to the propriety of the motion, Apple provides no legitimate basis for its requested sur-reply. In its opposition to AliveCor's adverse inference motion, Apple attempted to defend against its spoliation by arguing, *inter alia*, that it searched 240,000 of Mr. Cha's "custodial files." Dkt. 158-1 at 2, 3, 7, 12-13, 15. Apple notably did not substantiate what exactly was in those files. *Id.* AliveCor replied to that argument, which is proper and provides no basis for a sur-reply. *Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020). Even if AliveCor had presented affirmative evidence on that reply point, "evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief." *Id.* (citing *Synopsys, Inc. v. Mentor Graphics Corp.*, 2013 WL 6577143, at *1 (N.D. Cal. Dec. 13, 2013)).

Now, Apple tries to bolster its record—for the first time, well after the close of fact discovery, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Apple provides no supporting declaration or affidavit for these "facts," as it must under the Local Rules. *See* LR 7-5(a). And, it was fully able to provide this type of information in the original briefing, but did not.

Even if the Court accepts the sur-reply and Apple's unsupported say-so about the contents of the files it searched, they only bolster the points in AliveCor's motion.

*First*, although Apple vaguely contends that "emails" were within the files searched ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *see* Dkt. 153-3, at 21:21-23:6; Dkt. 161-1, at 12:2-4, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This sur-reply is apparently Apple's view of its last best shot, and it still does not address the core spoliation issue.

*Second*, although Apple points out ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This again underscores the problems AliveCor highlighted with

Apple's blanket citation to the supposed "240,000 custodial files." *See* Dkt. 161-1, at 5-6.

*Third*, Apple does not identify the time frames for the materials it searched. Much of the anticompetitive activity about which AliveCor complains occurred from 2016-2019. Apple's failure to mention the time frames of the Cha materials it searched (even though that is just a subset of his time at the company) is telling, especially when its productions for other custodians show that the server side emails—*i.e.*, the type of emails Apple spoliated for Mr. Cha—extend back for years.

*Fourth*, adding up the numbers Apple cites, that is just over 125,000 files. As AliveCor noted in its reply, Apple clearly tried to inflate the amount of Cha files it searched to imply lack of prejudice, and this proves the point. Nearly half of the "240,000" documents are ones that Apple itself does not deem worth noting for the court, once again showing that Apple's use of statistics here is to mislead. Moreover, almost half of the files Apple highlights were Messages (*i.e.*, communications sent through Apple's iMessage service). Mr. Cha testified ██████████████████████████████████ ████████████████████████████████████████ Dkt. 153-3 at 22:18-23:1. █████
████████████████████████████████████████████████████████████████████
████████████████████████████████

In the end, it remains undisputed that: Apple deleted Mr. Cha's work emails; Mr. Cha admitted ████████████████████████████████ and Apple produced just 45 Cha documents in comparison to thousands of documents *each* from its other custodians. The requested sur-reply is improper, but, even if it were not, it *supports*—not undercuts—AliveCor's motion.

DATED: April 23, 2023           QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Adam Wolfson*
     Sean Pak
     Adam B. Wolfson
     Andrew M. Holmes

*Attorneys for Plaintiff AliveCor, Inc.*