CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

JASON C. LO (SBN 219030)
  jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
  jrho@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY (SBN 268644)
  CHigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  JKleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AliveCor, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Apple Inc., <br><br> Defendant. | CASE NO. 4:21-CV-03958-JSW-SK <br><br> **JOINT CONSOLIDATED [PROPOSED] ORDER REGARDING SEALING DOCUMENTS** |

### A. AliveCor Administrative Motions To Consider Sealing

AliveCor has filed several administrative motions to consider whether Apple's confidential business material should be sealed. (Dkt. Nos. 153, 161, 163, 169). Apple filed declarations in support of sealing (*see* Dkt. Nos. 155, 165, 166, 175). The Court concludes Apple has demonstrated that portions of the filings and exhibits should be maintained under seal, as reflected in the table below.

### B. Apple Administrative Motions To Consider Sealing

Apple has filed several administrative motions to consider whether AliveCor's confidential business material should be sealed. (Dkt. Nos. 158, 159). AliveCor filed a declaration in support of the motions. (Dkt. No. 160). The Court concludes that AliveCor has demonstrated that portions of certain exhibits should be maintained under seal, as reflected in the table below.

### C. The Court's Sealed Order Denying Motion For An Adverse Jury Instruction

The parties have conferred and jointly agree that certain portions of the Court's Order Denying Motion For An Adverse Jury Instruction, (Dkt. No. 178), filed conditionally under seal, should remain sealed.

In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive; AliveCor's motion does not determine the ultimate merits of any claims in this case. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original); *see also Kamakana*, 447 F.3d at 1179 ("[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records

to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.") (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (internal quotation marks omitted)). As the Supreme Court has recognized, sealing is appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that the "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

      The parties indicated that limited portions of this Court's Order Denying Motion For An Adverse Jury Instruction should remain sealed. The language the parties indicate should be sealed includes information that Apple has determined to be highly confidential. This includes Apple's competitively sensitive business strategy information and non-public information about Apple's data management practices, including its practices regarding document management and storage, which, if revealed, could cause Apple economic harm and put it at a competitive disadvantage or reveal to bad actors insights into how Apple maintains and processes its confidential information. *See, e.g.*, *Lathrop*, 2016 WL 9185002, at *2. The narrow material that Apple seeks to maintain under seal is not public and would be harmful to Apple if publicly disclosed.

      The information that Apple seeks to protect is important to its business and its internal processes. Public disclosure of this information would risk competitors gaining an unfair business advantage by gaining insight into its internal processes and data management systems. Apple takes many steps, and undertakes substantial efforts, to safeguard such information, and keeping that information confidential is important to its effectiveness. Apple operates in an intensely competitive

1  environment.  Given the confidential and non-public information reflected in the portions of the

2  document that Apple seeks to seal, Apple has serious and legitimate concerns that competitors will

3  exploit any release of Apple's highly sensitive, proprietary information in order to gain competitive

4  advantage.

5      The Court concludes Apple has demonstrated that portions of the Court's Order Denying

6  Motion For Adverse Jury Instruction should remain sealed, as reflected in the table below.

7      **D.  Table Summarizing Portions Of Documents To Remain Sealed**

8      For good cause shown, the Court Orders that the portions of the documents identified below,

9  by page and line number, should remain under seal.

| Document Name | Dkt. No. | Page & Lines |
|---|---|---|
| Exhibit N to the Declaration of Jason Lo in Support of Apple's Opposition to AliveCor's Motion for An Adverse Jury Instruction | 158-5 | Entire document |
| Exhibit O to the Declaration of Jason Lo in Support of Apple's Opposition to AliveCor's Motion for An Adverse Jury Instruction | 159-1 | Entire document |
| Plaintiff AliveCor, Inc.'s Motion for An Adverse Jury Instruction | 153-1 | Page 1:8-12 (ending at "Watch"); Page 3:10-11 (starting at "Ex. P"; Page 3:13-23 (starting at how"); Page 3:n2; Page 4:1-4 (ending at "market"); Page 4:8-10 (ending at "2021");Page 5:13 (starting at "on"); Page 8:20-28 (starting at "Mr. Cha"); Page 9:2-5 (starting at "Apple"); Page 11:14 (starting at word after "ESI" and ending at word before "thus") |
| Declaration of Adam Wolfson in Support of Plaintiff AliveCor, Inc.'s Motion for An Adverse Jury Instruction | 153-2 | Page 1:26 (starting at "how to"); Page 3:16 (starting at the word after "ESI"); Page 4:3-4 |
| AliveCor Reply in Support of Motion for an Adverse Jury Instruction | 162, 161-1, 163-5 | Page 3:15-16 (from word after "to any" to "Apple Watch"); Page 4:10-13 (starting at "specifically"); Page 5:1-2 (starting at "about" and ending at "apps"); Page 5:3-4 (starting at "and who" and ending at "apps"); |

| Document Name | Dkt. No. | Page & Lines |
|---|---|---|
| | | Page 5:8-9 (starting at "who argued" and ending at "Ex. A");<br>Page 5:14-16 (starting at "And, he" and ending at "pressure");<br>Page 5:23-24 (starting at "What Apple");<br>Page 5:n3 (starting at "Apple" and ending at "AliveCor");<br>Page 6:1-2 (ending at "retain them");<br>Page 6:6-7 (starting at "on his" and ending at "the company");<br>Page 6:13-15 (starting at "Apple had" and ending at "preserve them");<br>Page 6:22-25 (starting at "because four" and ending at "Mr. Cha");<br>Page 8:10 (starting at "he" and ending at "AliveCor");<br>Page 8:14-16 (starting at "but" and ending at "benefit");<br>Page 8:n6 (ending at "Health app");<br>Page 9:3-4 (starting at "it never" and ending at "AliveCor");<br>Page 9:14-16 (starting at word after "was the" and ending at "AliveCor");<br>Page 9:22-23 (starting at "or even" and ending at the word before "to its");<br>Page 11:4-7 (starting at "Apple's now");<br>Page 12:2-3 (starting at "He" and ending at "Apple");<br>Page 12:6-9 (starting at "about");<br>Page 12:25 (starting at word after "Apple's" and ending at word before "lurked"). |
| Exhibit A to Declaration of Adam Wolfson in Support of AliveCor's Reply in Support of AliveCor's Motion for an Adverse Jury Instruction | 161-2 | Entire document |
| Exhibit B to Declaration of Adam Wolfson in Support of AliveCor's Reply in Support of AliveCor's Motion for an Adverse Jury Instruction | 161-3 | Entire document |
| Exhibit C to Declaration of Adam Wolfson in Support of AliveCor's Motion for an Adverse Jury Instruction | 154-5, 163-1 | Page 15 (from word after "smart watch OR" to word before "apple watch");<br>Page 15 (from word after "smart watch OR" to word before "NEAR/30 (fda");<br>Page 15 (from word after "smart watch OR" to word before "NEAR/30 (application");<br>Page 15 (from word after "smart watch OR" to word before "NEAR/30");<br>Page 15 (from word after "irregular rhythm notification OR" to word before "OR irregular heart rhythm notification"),<br>Page 19 (from the word after "after it" to the word before "that prevented"); |

| Document Name | Dkt. No. | Page & Lines |
|---|---|---|
| | | Page 19 ("from the word before "it was by" to the word before "that literally"); |
| | | Page 24 (from the word after "next day the" to the word before "in an encrypted"); |
| | | Page 24 (from the word after "has not revealed that" to the word before "But we are"), |
| | | Page 31 (from the word after "will be providing" to the word before "Your suggestion"), |
| | | Page 37 (from the word after "company) compiles" to the word before "to form"); |
| | | Page 37 (from the word after "release version." To the end of paragraph); |
| | | Page 37 (from the word after "5.1.1.1 as to the" to the word before "and for WatchOS 5.1.2"); |
| | | Page 43 (from the word after "Srinivasan, about" to the word before "The correspondence"); |
| | | Page 43 (from the word after "Quinn Emanuel is" to the end of sentence); |
| | | Page 43 (from the word after "August 10, 2022 email" to "attached"); |
| | | Page 44 (from the word after "forward for" to the word before "As we explained"); |
| | | Page 44 (from the word after "firm regularly" to the end of sentence); |
| | | Page 44 (from the word after "Quinn has" to the word before "is not adequate"); |
| | | Page 44 (from the word after "Srinivasan's letter" to the end of sentence); |
| | | Page 44 (from the word after "previously, noted" to the word before "We are hopeful"); |
| | | Page 46 (from the word after "proposal for" to the word before "as described"); |
| | | Page 47 (from the word after "are aware that" to the word before "Cooperation with"). |
| Exhibit E to Declaration of Adam Wolfson in Support of AliveCor's Motion for an Adverse Jury Instruction | 154-7, 163-2 | Page 3 (from the word after "called upon" to the word before "Please inform") |
| Exhibit F to Declaration of Adam Wolfson in Support of AliveCor's Motion for an Adverse Jury Instruction | 154-8, 163-3 | Page 1 (the phone number after "identified as") |
| Exhibit G to Declaration of Adam Wolfson in Support of AliveCor's Motion for an Adverse Jury Instruction | 154-9, 163-4 | Page 2 (the sentence listed after the numbered paragraph "2" starting with "In the") |
| AliveCor, Inc.'s Opposition to Defendant Apple, Inc.'s Administrative Motion for Leave to File Sur-Reply to AliveCor, Inc.'s Motion for Adverse Jury Instruction | 169-1 | Page 1:22-24 (starting with "and Apple" and ending with "AliveCor's motion"); Page 1:26-28 (starting with "which AliveCor" and ending with "materials"). |

| Document Name | Dkt. No. | Page & Lines |
|---|---|---|
| Order Denying Motion For Adverse Jury Instruction | Dkt. No. 178 | Page 2:3 (from word after "and" to word before "See"); Page 2:5-8 (from word after "(Cha Depo. 255:8-11)" to end of line 8); Page 2:28-3:1 (from word after "deposition" to end of sentence); Page 7:20-21 (from word after "searched" to word before "and produced"); Page 9:5 (from word after "deleted" to word before "before Apple"). |

**IT IS SO ORDERED**

DATED: June 2, 2023

_____
JEFFREY S. WHITE
United States District Judge.