UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVECOR, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.  21-cv-03958-JSW<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 184 |

Now before the Court for consideration is the motion for leave to file a motion for reconsideration filed by Defendant Apple Inc. ("Apple"). Apple seeks reconsideration of the Court's May 16, 2022 Order granting the motion to dismiss Apple's counterclaim in light of the Ninth Circuit's decision in *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023). AliveCor has filed an opposition to Apple's motion. For the following reasons, the Court DENIES Apple's motion.

A party moving for reconsideration "must specifically show reasonable diligence in bringing the motion" and one of the following circumstances: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court or, in the exercise of reasonable diligence could have been presented, before the entry of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented to the Court before such interlocutory order. *See* N.D. Civ. L.R. 7-9(b).

Apple contends that the decision in *Epic Games* constitutes a change in law occurring after the time of the original order dismissing Apple's counterclaim. (*See* Dkt. No. 56 ("5/16/22

Order").)  In *Epic Games*, the Ninth Circuit reversed the district court's holding as to the indemnification provision in Apple's developer license program agreement ("DPLA").  67 F.4th at 1003.  In that case, Apple asserted a breach of contract counterclaim against Epic Games for breach of the DPLA.  The issue before the Ninth Circuit was whether Apple was entitled to recover its attorneys' fees for the breach of contract counterclaim pursuant to the DPLA's indemnification provision.  Section 10 of the DPLA provides that a party "agree[s] to indemnify and hold harmless, and upon Apple's request, defend, Apple[]…from any and all claims, losses, liabilities, damages, taxes, expenses and costs, including without limitation, attorneys' fees and court costs…incurred by [Apple] and arising from or related to" several enumerated grounds.  The Ninth Circuit's analysis was limited to clause (i) of Section 10, which applied to Epic's "breach of any certification, covenant, obligation, representation or warranty in [the DPLA]."  *Id*. at 1004.  The Ninth Circuit held that clause (i) rebutted the general presumption that indemnification provisions allow one party to recover costs incurred in defending actions by third parties because it "expressly refer[red] to Epic's '*breach*' of its obligations pursuant to the DPLA—contemplating an intra-party action for breach of contract, not claims by third parties."  *Id*. at 1004.  Thus, the Ninth Circuit held that "clause (i) contemplates intra-party disputes and Apple [was] entitled to attorney fees pursuant to it."  *Id.*

      The Court disagrees that the Ninth Circuit's decision in *Epic Games* represents a change of law occurring after this Court's dismissal of its counterclaim.  The Ninth Circuit addressed whether Apple could seek indemnification for its breach of contract counterclaim pursuant to Section 10(i) of the DPLA.  The Ninth Circuit held that Apple could, but it limited its analysis and holding to clause (i) of the DPLA—the clause relevant to Apple's breach of contract counterclaim.  Here, in contrast, there is no breach of contract counterclaim.  Apple alleged a counterclaim for indemnification seeking attorneys' fees "arising from or related to AliveCor's use of the Apple Software or Services, its Covered Products, and/or its development and distribution of AliveCor's apps, Authorized Test Units, Registered Devices, and/or Covered Products…" (Dkt. No. 46, ¶16.)  Thus, the language of Apple's counterclaim tracks clause (vi) of Section 10.  This Court's dismissal of Apple's counterclaim was based on its conclusion that clause (vi) does not apply to

2

intra-party disputes. Indeed, in its prior Order, the Court analyzed the surrounding clauses of Section 10 and acknowledged that clause (i) presented the strongest argument for applicability to intra-party disputes, but the Court explained that even if clause (i) contemplated intra-party disputes, it would not change the Court's conclusion as to clause (vi). (5/16/22 Order at 5.) Thus, the Court is not persuaded that Apple has met its burden to show that the Ninth Circuit's decision in *Epic Games*, which is expressly limited to clause (i), represents a change in law with respect to this dispute.

Apple now contends that its indemnification counterclaim is not limited to clause (vi) because Apple broadly pled AliveCor breached Section 10, not one specific provision within that section. Although the counterclaim does not expressly cite clause (vi), the language in the counterclaim comes directly from that clause. No other clause of Section 10 is cited or referenced. Moreover, in its Order dismissing Apple's counterclaim, this Court clearly understood Apple's indemnification counterclaim as based solely on clause (vi) of the DPLA. (*See* Dkt. No. 56 at 4:13-15 (explaining that clause (vi) is the clause relevant to Apple's counterclaim), 6:11-12 ("Apple's counterclaim is not for breach of contract"); 7:3-4 (limiting its holding to clause (vi).) If Apple believed, as it now contends, that its counterclaim was not limited to clause (vi), it seems it could have raised that issue much sooner perhaps by seeking to amend its counterclaim or by requesting clarification or reconsideration of that issue. Apple's failure to raise this issue with the Court until now calls into question whether it exercised "reasonable diligence" in presenting this argument.

For the foregoing reasons, the Court concludes reconsideration of its Order dismissing the counterclaim is not warranted and DENIES Apple's motion. If Apple seeks to amend its counterclaim to allege a breach of contract implicating clause (i) of Section 10 of the DPLA, it may file a motion requesting leave to do so.

**IT IS SO ORDERED.**

Dated: June 12, 2023

_____
JEFFREY S. WHITE
United States District Judge

3