CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

NICOLA T. HANNA (SBN 130694)
  nhanna@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
  dswanson@gibsondunn.com
JASON C. LO (SBN 219030)
  jlo@gibsondunn.com
JENNIFER J. RHO (SBN 254312)
  jrho@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY (SBN 268644)
  chigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AliveCor, Inc.,<br><br>        Plaintiff,<br><br>  v.<br><br>Apple Inc.,<br><br>        Defendant. | CASE NO. 4:21-CV-03958-JSW-SK<br><br>**DEFENDANT APPLE INC.'S MOTION TO PERMANENTLY FILE UNDER SEAL CERTAIN MATERIALS FILED IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT BRIEFING**<br><br>The Honorable Jeffrey S. White |

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S MOTION TO PERMANENTLY FILE UNDER SEAL CERTAIN MATERIALS FILED IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT BRIEFING
CASE NO. 4:21-CV-03958-JSW-SK

On June 29, July 27, August 24, September 7, 14, 21, 26, and 29, 2023, Plaintiff AliveCor, Inc. ("AliveCor") and Defendant Apple Inc. ("Apple") filed cross-motions for summary judgment and related *Daubert* and motions to strike. *See* Dkts. 191-193, 212-230, 232, 236-245. Pursuant to Civil Local Rule 7-11, 79-5, and the Court's order on the parties' stipulation regarding sealing of summary judgment filings (Dkt. No. 174), the Parties initially filed all materials provisionally under seal. Apple now moves to permanently seal the documents identified in paragraph five of the concurrently filed Declaration of Jason C. Lo in Support of Apple's Motion to Permanently Seal Materials Filed in Connection with Motion for Summary Judgment Briefing ("Lo Declaration").

## LEGAL STANDARD

When a party seeks to seal records in connection with a dispositive motion, there is a "strong presumption in favor of access" that can be overcome only by "compelling reasons." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks omitted). Under the "compelling reasons" standard, a district court balances "relevant factors," including the harm of disclosing the information, against the "public interest in understanding the judicial process." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010). The right of access to judicial records is "not absolute" and does not extend to "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Sealing may be justified to prevent judicial documents from being used as business information that might harm a litigant's competitive standing. *In re High-Tech Employee Antitrust Litig.*, No. 11–CV–02509–LHK, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013); *see also Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *3 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm").

## ARGUMENT

**I.    COMPELLING REASONS EXIST TO SEAL APPLE'S CONFIDENTIAL FINANCIAL INFORMATION**

Apple seeks to seal non-public financial information. The public disclosure of such information would cause Apple economic harm and put it at a competitive disadvantage. Courts in the Ninth Circuit

1

DEFENDANT APPLE INC.'S MOTION TO PERMANENTLY FILE UNDER SEAL CERTAIN MATERIALS FILED IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT BRIEFING
CASE NO. 4:21-CV-03958-JSW-SK

Gibson, Dunn & Crutcher LLP

regularly seal this type of information. In *Ovonic Battery Co. v. Sanyo Electric Co.*, 2014 WL 2758756 (N.D. Cal. June 17, 2014), the court sealed information that, if publicly released, "could place [the petitioner] in a diminished bargaining position in future negotiations with potential customers and competitors. . . ." *Id.* at *3; *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).

Accordingly, Apple seeks to fully seal the documents filed at the following docket numbers because they contain Apple's confidential financial information and for the reasons further described in the Lo Declaration filed concurrently herewith: 191-18; 222-43; 191-20; 193-40; 222-62; 191-21; 192-11; 193-41; 222-63; and 222-11. Additionally, Apple seeks to partially seal the documents filed at the following docket numbers because they contain Apple's confidential financial information and for the reasons further described in the Lo Declaration filed concurrently herewith: 191-3; 191-4; 191-15; 193-31; 222-4; 191-16; 222-12; 191-17; 192-6; 193-42; 222-8; 193-43; 222-53; 218-3; 220-3; and 229-3.

## II.   COMPELLING REASONS EXIST TO SEAL APPLE'S CONFIDENTIAL BUSINESS PLANS AND STRATEGIES

Apple also seeks to seal non-public information related to Apple's business plans, technical product development, and strategic considerations that, if made public, would harm Apple's competitive standing. Apple takes many steps, and undertakes substantial efforts, to safeguard information, and keeping that information confidential is important to its effectiveness. Apple operates in an intensely competitive environment. Given the confidential and non-public information reflected in the portions of documents that Apple seeks to seal, Apple has serious and legitimate concerns that competitors will take advantage of any release of Apple's highly sensitive, proprietary information to gain competitive advantage. Courts frequently seal this type of information under the "compelling

2

DEFENDANT APPLE INC.'S MOTION TO PERMANENTLY FILE UNDER SEAL CERTAIN MATERIALS FILED IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT BRIEFING
CASE NO. 4:21-CV-03958-JSW-SK

Gibson, Dunn & Crutcher LLP

reasons" standard.  For example, in *Singh v. Google, LLC*, 2021 WL 5298828, at *3-4 (N.D. Cal. Nov. 15, 2021), the court found compelling reasons to seal Google's materials filed in connection with plaintiff's class certification motion because the documents "contain[ed] highly sensitive and detailed technical information relating to the design, evaluation, and maintenance" of proprietary technology. Similarly, in *Arabian v. Sony Elecs., Inc.*, 2007 WL 627977 (S.D. Cal. Feb. 22, 2007), the court granted an application to seal exhibits to a declaration filed in connection with class certification because they contained "proprietary and/or trade secret information" and the information was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public." *Id*.  And documents that contain "confidential business strategies and other commercially sensitive information" are also considered sealable. *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011); *see also See Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016), cert. denied sub nom.  *FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016) (finding a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing); *In re Apple Inc. Device Performance Litig.*, No. 18-MD-2827, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) (finding compelling reasons may exist to seal "product development plans"); *Towers v. Iger*, No. 15-cv-04609, 2016 WL 7211142, *2 (N.D. Cal. Dec. 13, 2016) (finding a compelling reason to seal documents detailing internal business discussions reflecting "strategic considerations" for making a particular decision.); *Algarin v. Maybelline*, LLC, No. 12-CV-3000, 2014 WL 690410, *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal information related to product development where "[p]ublic disclosure of L'Oréal's confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies").

Apple also seeks to seal as competitively sensitive certain market research reports that were either commissioned by or conducted by Apple to gain unique insights into consumers and the marketplace, as part of an effort to gain a competitive advantage. *Samsung*, 727 F.3d at 1228 (finding "Apple has a strong interest in keeping its market research reports confidential," such that compelling

3

DEFENDANT APPLE INC.'S MOTION TO PERMANENTLY FILE UNDER SEAL CERTAIN MATERIALS FILED IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT BRIEFING
CASE NO. 4:21-CV-03958-JSW-SK

Gibson, Dunn & Crutcher LLP

reasons existed to seal "market research reports [that] contain information that Apple's competitors could not obtain anywhere else"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

Accordingly, Apple seeks to fully seal the documents filed at the following docket numbers because they contain Apple's confidential business information and for the reasons further described in the Lo Declaration filed concurrently herewith: 191-7; 193-22; 191-8; 193-24; 191-9; 193-26; 191-10; 193-18; 191-11; 193-23; 222-51; 191-18; 222-43; 191-20; 193-40; 222-62; 191-21; 192-11; 193-41; 222-63; 191-22; 222-37; 191-23; 222-38; 191-24; 193-36; 222-50; 191-25; 193-33; 222-46; 192-9; 222-60; 193-7; 193-8; 193-10; 193-13; 193-14; 222-44; 193-16; 193-17; 193-19; 193-20; 193-25; 193-34; 222-19; 193-35; 222-15; 193-37; 193-38; 222-49; 193-39; 222-52; 220-10; 222-14; 220-11; 222-16; 220-12; 222-18; 220-13; 222-17; 220-14; 222-11; 222-27; 222-29; 222-41; 222-55; 222-56; 222-61; 229-6; 229-8; 229-10; 229-11; 229-14; and 229-15. Additionally, Apple seeks to partially seal the documents filed at the following docket numbers because they contain Apple's confidential business information and for the reasons further described in the Lo Declaration filed concurrently herewith: 191-3; 191-4; 191-6; 193-12; 191-12; 193-11; 191-15; 193-31; 222-4; 191-16; 222-12; 191-17; 192-6; 193-42; 222-8; 191-19; 193-44; 222-10; 192-3; 192-7; 222-59; 192-8; 192-10; 193-3; 193-4; 193-5; 193-6; 193-9; 193-21; 193-32; 222-9; 193-43; 222-53; 193-45; 222-64; 212-3; 218-3; 220-3; 220-5; 222-3; 222-5; 222-42; 222-58; 227-3; 229-3; 229-4; 229-5; 229-16; 230-3; 236-3; and 240-3.

### III. COMPELLING REASONS EXIST TO SEAL APPLE'S SENSITIVE SECURITY INFORMATION

Apple requests that the Court seal specific information that could aid third parties in harming Apple's customers or Apple, such as details about Apple's security policies, project codenames, and internal processes, including Apple's App Review process. Revealing this information to the public would undermine the entire reason for developing security policies, codenames to further secure information about a product development, and the App Review process, which is intended to filter out harmful apps. Apple takes many steps, and undertakes substantial efforts, to safeguard information—

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S MOTION TO PERMANENTLY FILE UNDER SEAL CERTAIN MATERIALS FILED IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT BRIEFING
CASE NO. 4:21-CV-03958-JSW-SK

including its trade secrets and data of its customers and developers who use Apple's technology—and keeping the details of those efforts confidential is important to their effectiveness. Public disclosure of this detailed information would risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. Sealing of court records is appropriate "when such 'court files might . . . become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). For example, courts have sealed information that could be used by a bad actor to breach a company's internal security system. *See, e.g.*, *Connor v. Quora, Inc.*, No. 18-CV-07597, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing "information regarding Quora's investigation into the data breach incident that could be used by a bad actor to exploit and breach Quora's systems"); *Music Group Macao Commercial Offshore Limited v. Foote*, No. 14-CV-03078, 2015 WL 3993147, at *5 (N.D. Cal. June 30 2015) ("[C]ourts have found a party's tangible concern about future cyber attacks or hacking is a compelling reason to seal materials."); *In re Google Inc. Gmail Litigation*, No. 13–MD–02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons existed to seal "information that if made public . . . could lead to a breach in the security of the Gmail system"). Similarly, courts seal information that could be abused by bad actors to harm the parties' themselves. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-0782, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (sealing information where "disclosing to bad actors who would seek to manipulate Google's systems information about how Google detects and reacts to invalid traffic").

Accordingly, Apple seeks to fully seal the documents filed at the following docket numbers because they contain information that could aid a bad actor and for the reasons described in the Lo Declaration filed concurrently herewith: 191-24; 193-36; 222-50; 193-10; 193-35; 222-15; 193-37; 222-29; 222-56; and 229-8. Additionally, Apple seeks to partially seal the documents filed at the following docket numbers because they contain information that could aid a bad actor and for the reasons further described in the Lo Declaration filed concurrently herewith: 191-12; 193-11; 191-15; 193-31; 222-4; 193-3; 193-4; 193-5; 193-9; 220-3; and 229-3.

## **CONCLUSION**

For the reasons stated above, Apple respectfully requests that the Court grant its request to seal the documents identified in paragraph five of the Lo Declaration.

Gibson, Dunn & Crutcher LLP

5
DEFENDANT APPLE INC.'S MOTION TO PERMANENTLY FILE UNDER SEAL CERTAIN MATERIALS FILED IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT BRIEFING
CASE NO. 4:21-CV-03958-JSW-SK

DATED: November 2, 2023

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jason C. Lo*
     Jason C. Lo

*Attorney for Defendant Apple Inc.*

6

DEFENDANT APPLE INC.'S MOTION TO PERMANENTLY FILE UNDER SEAL CERTAIN MATERIALS FILED IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT BRIEFING
CASE NO. 4:21-CV-03958-JSW-SK

Gibson, Dunn & Crutcher LLP