1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7     ALIVECOR, INC.,                         Case No. 21-cv-03958-JSW

              Plaintiff,
8
                                              **ORDER GRANTING APPLE'S**
9         v.                                  **ADMINISTRATIVE MOTION TO**
                                              **CLOSE THE DECEMBER 8, 2023**
10    APPLE, INC.,                            **HEARING**

              Defendant.                      Re: Dkt. No. 262
11

12

13         Now before the Court is Defendant Apple, Inc.'s opposed Administrative Motion to Close

14    the December 8, 2023 Hearing, at which the Court will consider the parties' cross-motions for

15    summary judgment, *Daubert* motions, and related filings.  For the following reasons, the Court

16    GRANTS the motion.

17                                        **BACKGROUND**

18         The December 8, 2023 hearing will address the parties' summary judgment and related

19    motions, nearly all of which are sealed at least in part.  The motions themselves, along with their

20    supporting materials, contain information which the parties represented to the Court to be

21    confidential.

22         The Court permitted the parties to file consolidated sealing motions after briefing was

23    complete. (Dkt. No. 174.)  On November 2, 2023, AliveCor submitted a consolidated sealing

24    motion with over 7,000 pages of material to be sealed in whole or in part.  (Dkt. No. 249.)  On the

25    same date, Apple submitted a consolidated sealing motion with over 9,000 pages of material to be

26    sealed in whole or in part.  (Dkt. No. 250.)  In reliance on the parties' representations that the

27    filings may contain business information that could harm the parties' competitive standing, the

28    Court spent considerable resources reviewing the materials and making individualized

United States District Court
Northern District of California

United States District Court
Northern District of California

1   confidentiality determinations.  The Court issued an order granting in part and denying in part the

2   motions, and it requested clarification as to a few of the sealing requests.  (Dkt. No. 254.)  Upon

3   receipt of the parties' clarifications, the Court granted the remaining sealing requests.  (Dkt. Nos.

4   258, 259.)

5           The Court found that the parties' motions and supporting documents contained confidential

6   business information, disclosure of which may harm the parties' competitive standing.  *Nixon v.*

7   *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  The Court determined *sua sponte* that its

8   Notice of Questions for Hearing similarly contained protected information.  (Dkt. No. 264.)

9           Given the interweaving of confidential information into the pending motions, Apple moves

10  for an order closing the hearing.  AliveCor opposes, claiming that Apple fails to meet its burden to

11  overcome the public's right to access.  AliveCor now claims that the information it presented as

12  material to the pending motions is not confidential because it involves only "high level

13  descriptions" and "business issues from five-to-six years ago."

14                                    **ANALYSIS**

15          There is a presumption of public access to the courts.  *Nixon*, 435 U.S. at 602.

16  "Nevertheless, access to judicial records is not absolute."  *Kamakana v. City and Cnty. of*

17  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A party may overcome the public's interest in

18  open access in the context of dispositive motions by providing "compelling reasons" in favor of

19  secrecy, which may include the potential use of records to reveal trade secrets or confidential

20  business information.  *Id.* at 1179.  "Compelling reasons" is a more exacting standard than "good

21  cause."  *Id.* at 1184.

22          Apple provides three rationales for why the Court should seal the hearing.

23          First, Apple contends that the Court has previously found "compelling reasons" exist for

24  sealing the information related to the pending motions.  Apple overstates the Court's previous

25  findings: the Court found "good cause," as requested by Apple and unopposed by AliveCor.  (*See*

26  Dkt. No. 254, at 1.)  "Good cause," without more, does not meet the standard for sealing a

27  dispositive motion hearing.  *Kamakana*, 447 F.3d at 1184.

28          Second, Apple contends that its request is narrowly tailored in order to protect the public's

2

right of access, because a redacted transcript would be filed shortly after the final transcript becomes available to the parties. The Court agrees the request appropriately balances the public's interest.

Third, and most importantly, Apple argues that closing the courtroom is necessary to allow the Court and the parties to have a meaningful discussion of the key issues in the case. Apple argues that information relating to the engineering, development, and testing of Apple's technology should be sealed. The Court agrees.

In its Notice of Questions (Dkt. No. 264), the Court requested the parties come to the hearing with specific citations to the record, which is largely under seal. The Court asked Questions tailored to understand whether any genuine issues of material fact remain relating to confidential business and product design choices. It is possible, or even likely, that one or both of the parties will respond to the Court's Questions with confidential and proprietary information for which compelling reasons to seal exist. Indeed, the Court found compelling reasons to seal portions of its Notice of Questions without motion from the parties so that it may address specific, confidential evidence. The Court will temporarily seal the hearing in order to permit the parties to fully answer its Questions.

AliveCor believes only a high-level discussion of the record will be required. If that is the case, then the Court's order will only delay access. The full transcript will become publicly available after the period to move to seal elapses without a motion, or if the Court determines that no compelling reasons exist to grant Apple's anticipated motion to seal portions of the transcript.

The Court will permit both Apple and AliveCor to move to designate portions of the transcript for redaction. However, when considering any such motion, the Court will keep in mind that AliveCor has represented that no compelling reasons exist to seal any of its information or argument in connection with the pending motions.

**CONCLUSION**

Apple's Administrative Motion to Close the December 8, 2023 Hearing is GRANTED. Accordingly:

(1) The December 8, 2023 hearing shall be closed to the public;

1    (2)    Following oral argument, the hearing transcript shall remain temporarily under seal;

2    (3)    Within twenty-one (21) days after the parties' receipt of the final hearing transcript,

3    the parties will review the hearing transcript and file a subsequent motion to seal portions of the

4    hearing transcript that pertain to their potentially sealable information;

5    (4)    Seven (7) days after the Court's ruling on that motion, the parties shall file a

6    redacted hearing transcript on the docket.

7

8    **IT IS SO ORDERED.**

9    Dated:  December 5, 2023

10   _____

11   JEFFREY S WHITE
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4