UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVECOR, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>APPLE, INC.,<br><br>             Defendant. | Case No. 21-cv-03958-JSW<br><br>**ORDER REGARDING BILL OF COSTS**<br>Re: Dkt. Nos. 295, 300, 301 |

Now before the Court is the Application for Bill of Costs filed by Defendant Apple, Inc. ("Apple") and objections thereto filed by Plaintiff AliveCor, Inc. ("AliveCor"). The Court finds the matter appropriate for resolution without further briefing or oral argument. *See* Civ. L.R. 7-1(b).

## BACKGROUND

After hard-fought litigation that included more than 30 depositions, multiple experts on both sides, and cross-motions for summary judgment supported by a record of over 15,000 pages of documents and a hearing which lasted almost three hours, the Court granted summary judgment in favor of Apple. (Dkt. Nos. 285, 293.) Following its summary judgment order, the Court entered judgment in favor of Apple on February 6, 2024. (Dkt. No. 287.) Apple filed an Application for Bill of Costs on February 20, 2024. (Dkt. No. 295.) AliveCor filed a Notice of Appeal on March 6, 2024. (Dkt. No. 298.)

Apple originally sought $132,445.64 in costs, consisting of $1,080.19 for service of a deposition subpoena, $110,513.15 for deposition transcripts, $9,379.80 for deposition exhibits, and $11,472.50 for reporting services at depositions. After the meet-and-confer process, Apple agreed to lower the amount sought per page of its deposition transcripts and to forego costs of

serving the deposition subpoena, for a reduction of $7,196.85.  (Dkt. No. 300.)

AliveCor opposes the imposition of any costs and objects specifically to Apple's request for costs of deposition videos.  (Dkt. No. 297.)  AliveCor alternatively requests a stay of enforcement of the cost award without a supersedeas bond.  (*Id.*)

The Clerk of Court reviewed the Bill of Costs and found $80,983.10 to be taxable.  (Dkt. No. 301.)  The parties did not move to review the Clerk's findings.  *See* Fed. R. Civ. Proc. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action.").

## ANALYSIS

### A.    Legal Standards Applicable to Taxation of Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party."  Fed. R. Civ. Proc. 54(d)(1).  Accordingly, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded."  *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003) (citing *Stanley v. Univ. of Southern California,* 178 F.3d 1069, 1079 (9th Cir. 1999)).  The Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  *Id.* at 945.  The Court may refuse to award costs to a prevailing party on several recognized grounds, including: the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs.  *See id.* (internal citations omitted); *see also* Wright & Miller, The Court's Discretion in Awarding Costs, Fed. Prac. & Proc. Civ. § 2668 (4th ed.).

28 U.S.C. section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S 437, 441-42 (1987).  Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed by section 1920."  *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 WL 515879, at *1 (N.D. Cal. Dec. 2, 1993).

**B.     The Court Declines to Exercise Its Discretion to Refuse to Award Costs.**

AliveCor urges the Court to exercise its discretion to deny costs because the case presents issues of public importance and complex and difficult issues. The Court finds that AliveCor's arguments are insufficient to overcome the presumption in favor of awarding costs.

This action, while of interest to the public, is fundamentally a dispute between AliveCor and Apple. AliveCor provides citation only to civil rights cases where the court determined imposing costs on plaintiffs of modest means would risk chilling future civil rights litigation. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) (noting case raised "issues of the gravest public importance" regarding public school employment exam with disproportionate failure rates by members of racial minorities); *Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597 EDL, 2009 WL 2392094, at *2 (N.D. Cal. Aug. 4, 2009) (noting allegations of race discrimination in transit funding were of public importance). There is no similar public interest or risk of chilling litigation here, where AliveCor represents it has sufficient means to pay costs and where AliveCor's proposed antitrust market consisted of, at most, three companies.

The Court agrees with AliveCor that the issues were close and difficult, but difficulty alone is not enough to justify a denial of costs in this case. As Apple points out, the Court resolved AliveCor's claims using "previously defined standards" rather than a "novel legal development." *Freyd v. Univ. of Oregon*, No. 6:17-CV-00448-MC, 2019 WL 5682512, at *3 (D. Or. Oct. 25, 2019); (Dkt. No. 300, at 5). Where the case does not "raise complex or novel legal issues," a declination to impose costs is not warranted. *Fowler v. California Highway Patrol*, No. 13-CV-01026-TEH, 2014 WL 3965027, at *6 (N.D. Cal. Aug. 13, 2014).

AliveCor's remaining objection to deposition transcript and recording costs was addressed by the Clerk, who reduced the transcript and recording costs substantially. The Court finds the Clerk's taxation of prevailing party costs is proper.

**C.     The Court Declines to Enter a Stay.**

AliveCor requests a stay of enforcement without a supersedeas bond pending appeal. A supersedeas bond allows a stay as a matter of right, but courts may exercise their discretion to stay

execution without a bond or alternate form of security. Fed. R. Civ. Proc. 62; *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012) (noting courts have "broad discretionary power to waive the bond requirement if it sees fit") (quoting *Townsend v. Holman Consulting Corporation,* 881 F.2d 788, 796–97 (9th Cir. 1989)). "A waiver of the bond requirement may be appropriate where: (1) the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (2) the opposite case, where the requirement would put the defendant's other creditors in undue jeopardy." *Id.* (quoting *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir.1986)) (internal marks omitted).

While AliveCor states that it can pay the judgment, it provides no admissible evidence to that effect. AliveCor does not argue that the cost of the bond would waste money, and Apple protests that AliveCor did not seek its consent to request a stay. In contrast and by way of example, in the case cited by AliveCor, the party requesting a stay without a supersedeas bond obtained consent from the prevailing party, provided a detailed declaration of its assets, and committed to submitting quarterly and annual financial statements while the appeal was pending. *Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, No. C 04-3518 SBA, 2007 WL 1520952, at *2 (N.D. Cal. May 23, 2007). AliveCor's request here lacks any similar support or reassurances to the Court and Apple. Thus, the Court denies the request.

## CONCLUSION

For the foregoing reasons, the Court awards $80,983.10 to Apple in costs as originally taxed by the Clerk. (*See* Dkt. No. 301.)

**IT IS SO ORDERED.**

Dated: March 28, 2024

_____
JEFFREY S. WHITE
United States District Judge